UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MICHELLE E. ALFRED,                    :
                                       :
        Plaintiff,                     :    Civ. No. 13-0332 (RBK) (AMD)
                                       :
    v.                                 :    **OPINION**
                                       :
STATE OF NEW JERSEY, et al.,           :
                                       :
        Defendants.                    :

**ROBERT B. KUGLER, U.S.D.J.**

## I.    INTRODUCTION

Plaintiff is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983.  Plaintiff's original complaint was screened and dismissed.  However, some of plaintiff's claims were dismissed without prejudice.  Thus, she was given leave to file an amended complaint to attempt to correct the deficiencies of her original complaint.  Plaintiff has since submitted an amended complaint.  Therefore, the Clerk will be ordered to reopen this case.

At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit.  For the reasons set forth below, the amended complaint will be permitted to proceed in part.

## II.   BACKGROUND

The allegations of the amended complaint will be construed as true for purposes of this screening.  Plaintiff alleges that she went to the Atlantic City Police Station on September 1, 2012, to file a complaint against a woman who had filed a false report against her.  She was

1

accompanied to the police station by Arthur Dennis, who is the father to plaintiff's children. After finishing filing the report, Sergeant Brennum appeared with another officer named Rebeca Seabrook. Sergeant Brennum then told plaintiff that she had a warrant and that she had to pay $500 so that she could then be released on her own recognizance. However, plaintiff states that she spent eight days in the county jail. She was released on September 8, 2012.

Plaintiff states that in fact she did not have a warrant against her at all. She also states that she subsequently went to the prosecutor's office in Mays Landing, New Jersey, and spoke with Detective Bryan Ripley. Ripley also told her that she did not have a warrant. Whereupon, plaintiff showed Ripley that she was in fact just in the county jail.

Plaintiff seeks monetary damages as her requested relief and a request to convene a grand jury.[1]

### III.   STANDARD OF REVIEW

A. Standard for *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which

---

[1] The amended complaint also mentions that she appeared before Judge Ward on September 10, 2012. Furthermore, C. Witherspoon Stumpford works next to the judge, but has a conflict of interest as she is related to Arthur Dennis. Additionally, the amended complaint names the State of New Jersey as a defendant in the caption. However, the Court will not entertain claims raised against these three defendants to the extent that plaintiff is attempting to raise them in this amended complaint. The claims against these three defendants were dismissed with prejudice in the original complaint.

relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

According to the Supreme Court's decision in *Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[2], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

B. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party

---

[2] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (per curiam) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

> injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

## IV.   DISCUSSION

A. <u>Claim Against Sergeant Brennum & Rebeca Seabrook</u>

It appears as if plaintiff is attempting to assert a false arrest claim against defendants Brennum and Seabrook. "To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012) (citing *Groman v. Twp. of Manalapan*, 47 F.3d 628, 634 (3d Cir. 1995); *Dowling v. City of Phila.*, 855 F.2d 136, 141 (3d Cir. 1988)). "'Probable cause to arrest exists when the facts and the circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested.'" *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 788 (3d Cir. 2000) (quoting *Orsatti v. New Jersey State Police*, 71 F.3d 480, 482 (3d Cir. 1995)); *see also Minatee v. Phila. Police Dep't*, 502 F. App'x 225, 228 (3d Cir. 2012) (citation omitted). The arresting officer must only reasonably believe at the time of the arrest that an offense is being committed, a significantly

4

lower burden than proving guilt at trial. *See Wright v. City of Phila.*, 409 F.3d 595, 602 (3d Cir. 2005); *see also Minatee*, 502 F. App'x at 228 (citation omitted).

The Court will permit plaintiff's false arrest claim against Brennum and Seabrook to proceed past screening. Indeed, the amended complaint states that plaintiff was arrested based upon a warrant that never in fact existed. Thus, the arresting officers could not have had probable cause to arrest her in the first place on September 1, 2012, as she did not have an outstanding warrant as claimed and relied upon by the arresting officers.

B. Claims Against Detective Bryan Ripley

It is unclear to the Court whether plaintiff is also attempting to bring a claim against Ripley. To the extent that she is, the complaint fails to state a claim upon which relief can be granted. Indeed, the sole allegation against this defendant is that plaintiff told him that she did not have a warrant. Such an allegation fails under the requisite pleading standard to state with any facial plausibility that her rights were violated by Ripley. *See Twombly*, 550 U.S. at 555. Accordingly, any claims against Ripley will be dismissed without prejudice.

C. Request to Convene a Grand Jury

Plaintiff has requested that this Court convene a grand jury in light of her amended complaint, presumably so that criminal proceedings can be brought against the defendants. However, "this Court is without authority to institute any criminal proceedings on [p]laintiff's behalf, since [i]t is well established that private citizens can neither bring a direct criminal action against another person nor can they petition the federal courts to compel the criminal prosecution of another person." *Abdullah v. New Jersey*, No. 12-4202 2012 WL 2916738, at *7 (D.N.J. July 16, 2012) (internal quotation marks and citations omitted); *Caracter v. Avshalumov*, No. 06-4310, 2006 WL 3231465, at *3 (D.N.J. Nov. 8, 2006) ("A private plaintiff cannot force a

criminal prosecution because the authority to initiate a criminal complaint rests exclusively with state and federal prosecutors.") (internal quotation marks and citations omitted).  Therefore, this requested relief will be denied.

## V.  CONCLUSION

For the foregoing reasons, the amended complaint will be permitted to proceed in part. An appropriate order will be entered.


DATED:   June 4. 2014

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge