NOT FOR PUBLICATION                                                                                      (Doc. No. 20)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

_____
                                          :
MICHELLE E. ALFRED,                       :
                                          :
       Plaintiff,                         :
                                          :  Civil No. 13-332 (RBK/AMD)
    v.                                    :
                                          :  **OPINION**
STATE OF NEW JERSEY et al.,               :
                                          :
       Defendants.                        :
_____      :

**KUGLER**, United States District Judge:

    Plaintiff Michelle E. Alfred ("Plaintiff") brings this uncontested Motion for Default Judgment pursuant Fed. R. Civ. P. 55(b)(2) against Defendant Rebeca Seabrook ("Seabrook"). (Doc. No. 20.) The claim against Seabrook arises from the allegation that she was responsible for Plaintiff's false arrest in September 2012. For the reasons stated herein, Plaintiff's Motion for Default Judgment will be denied.

**I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

    In her Amended Complaint, Plaintiff alleges that she went to the Atlantic City Police Station on September 1, 2012, to file a complaint against a woman who had filed a false report against her. Plaintiff claims she was accompanied to the police station by Arthur Dennis, who is the father of Plaintiff's children. After finishing filing the complaint, Sergeant Brennum appeared with another officer named Rebeca Seabrook. Sergeant Brennum ("Brennum") told plaintiff that she had a warrant and that she had to pay $500 if she wished to be to be released on

her own recognizance at that time.  Plaintiff claims that she then spent eight days in the county jail, and she was released on September 8, 2012.

Plaintiff also asserts that in fact she did not have a warrant issued against her at the time. She alleges that she went to the prosecutor's office in Mays Landing, New Jersey, sometime after her incarceration in the Atlantic County Jail and spoke with Detective Bryan Ripley. Ripley apparently told her that she did not have a warrant, whereupon Plaintiff told Ripley that she had just been in the county jail.  Plaintiff seeks monetary damages as her requested relief.

On January 3, 2013, Plaintiff filed her original Complaint, (Doc. No. 1), and on October 15, 2013, she filed an Amended Complaint, (Doc. No. 7), after this Court dismissed all claims in her Original Complaint as part of its review pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. (Doc. Nos. 5, 6.)  Performing another review pursuant to §§ 1915€(2)(B) and 1915A, the Court dismissed Plaintiff's claims against Detective Bryan Ripley and her request to convene a grand jury, but permitted her 42 U.S.C. § 1983 claim for false arrest in the Amended Complaint to proceed against Brennum and Seabrook.  (Doc. Nos. 8, 9.)

In an Order, the Court directed the Clerk to issue summons and the U.S. Marshal to serve the summons and copies of the Amended Complaint, as well as the Opinion and Order, on Brennum and Seabrook. (Doc. No. 9.)  Brennum and Seabrook were also ordered to file and serve responsive pleadings within the time specified in Fed. R. Civ. P. 12.  (Id.)

Summons was returned executed, by U.S. Marshal, for Seabrook, who had until August 14, 2014, to answer or otherwise plead.  (Doc. No. 13.)  To date, Seabrook has not filed any responsive pleading in this matter, and no attorney has entered an appearance on her behalf.

On August 18, 2014, Plaintiff filed her first Motion for Default Judgment against Seabrook, (Doc. No. 16), which the Court denied on December 15, 2014, as Plaintiff had failed

to obtain a Clerk's entry of default prior to filing her Motion for Default Judgment. (Doc. No. 17.) Plaintiff then filed a Request for Default on December 22, 2014, (Doc. No. 18), and the Clerk entered default as to Seabrook that same day. (Doc. No. 19.) Finally, on January 7, 2015, Plaintiff filed the present motion, her second Motion for Default Judgment. (Doc. No. 20.) Seabrook never filed an opposition to Plaintiff's current Motion.

## II.     DISCUSSION AND ANALYSIS

Rule 55(b)(2) allows the Court, upon a plaintiff's motion, to enter default judgment against a defendant that has failed to plead or otherwise defend a claim for affirmative relief. While the decision to enter default judgment is left principally to the discretion of the district court, there is a well-established preference in this Circuit that cases be decided on the merits rather than by default whenever practicable. Hritz v. Woma Corp., 732 F.2d 1178, 1180-81 (3d Cir. 1984). Consequently, the Court must address a number of issues before deciding whether a default judgment is warranted in the instant case. If it finds default judgment to be appropriate, the Court's next step is to determine a proper award of damages.

### A.     Appropriateness of Default Judgment

#### 1.     The Court's Jurisdiction

First, the Court must determine whether it has both subject matter jurisdiction over Plaintiff's cause of action and personal jurisdiction over Defendant. U.S. Life Ins. Co. in City of New York v. Romash, Civ. No. 09-3510, 2010 WL 2400163, at *1 (D.N.J. June 9, 2010). Verifying the Court's jurisdiction is of particular concern where, as here, the defaulting party has failed to make any sort of appearance or submit any responsive communication to the Court.

In this case, the Court already considered its jurisdiction and the basis for Plaintiff's claims pursuant to its §§ 1915(e)(2)(B) and 1915A review. The Court is satisfied that Plaintiff's § 1983 claim permits the Court to exercise federal question jurisdiction under 28 U.S.C. § 1331.

In addition, the Court must consider whether it may exercise personal jurisdiction over Seabrook. Because she was served in New Jersey, and is alleged to be a law enforcement officer working in Atlantic City, New Jersey, this Court finds that it has jurisdiction over Seabrook pursuant to Fed. R. Civ. P. 4(k)(1)(A).

### 2. Entry of Default

Second, the Court must ensure that the entry of default under Rule 55(a) was proper. Rule 55(a) directs the Clerk of Court to enter a party's default when that party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." In this case, Seabrook was properly served with a summons and the Amended Complaint on July 24, 2014. (Doc. No. 13.) She failed to respond to the Amended Complaint within twenty-one days of service as required under Rule 12(a). Plaintiff subsequently filed a request for entry of default on December 22, 2014, which the Clerk entered due to Seabrook's failure to plead or otherwise defend in this matter. Accordingly, the Clerk's entry of default under Rule 55(a) was appropriate.

### 3. Plaintiff's Causes of Action

Third, the Court must determine whether Plaintiff's Amended Complaint states a proper cause of action against Seabrook. In conducting this inquiry, the Court accepts as true Plaintiff's well-pleaded factual allegations while disregarding her mere legal conclusions. See Directv, Inc. v. Asher, Civ. No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2688, at 63 (3d ed. 1998)). As stated above, Plaintiff alleges one cause of action against Seabrook—a violation of § 1983. After a review of Plaintiff's Amended Complaint and the applicable law, the Court finds that Plaintiff has alleged a § 1983 violation for false arrest.

a)     Violation of Section 1983

To state a claim for relief under § 1983, Plaintiff must allege (1) the violation of a right secured by the Constitution or laws of the United States and (2) that the alleged deprivation was committed or caused by a person acting under the color of state law.  See Harvey v. Plains Twp. Police Dep't, 635 F.3d 606, 609 (3d Cir. 2011); see also West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff is attempting to assert a false arrest claim against Seabrook.  "To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause."  James v. City of Wilkes-Barre, 700 F.3d 675, 680 (3d Cir. 2012) (citing Groman v. Twp. of Manalapan, 47 F.3d 628, 634 (3d Cir. 1995); Dowling v. City of Phila., 855 F.2d 136, 141 (3d Cir. 1988)).  "'Probable cause to arrest exists when the facts and the circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested.'"  Merkle v. Upper Dublin Sch. Dist., 211 F.3d 782, 788 (3d Cir. 2000) (quoting Orsatti v. New Jersey State Police, 71 F.3d 480, 482 (3d Cir. 1995)); see also Minatee v. Phila. Police Dep't, 502 Fed. App'x 225, 228 (3d Cir. 2012).  The arresting officer must only reasonably believe at the time of the arrest that an offense is being committed, a significantly lower burden than proving guilt at trial.  See Wright v. City of Phila., 409 F.3d 595, 602 (3d Cir. 2005); see also Minatee, 502 Fed. App'x at 228.

The Amended Complaint states that Plaintiff was arrested based upon a warrant that never in fact existed.  If the Court accepts her allegations as true, Seabrook did not have probable cause to arrest Plaintiff in the first place on September 1, 2012, because there was not an outstanding warrant for Plaintiff's arrest, as claimed and relied upon by Seabrook and Brennum.

Accordingly, the Court finds that Plaintiff has properly stated a claim for a violation of § 1983.  She asserts that Seabrook, a police officer working in Atlantic City, violated Plaintiff's

Constitutional right to be free from false arrest when she was arrested on September 1, 2012, without a warrant or probable cause.

        4.        Emcasco Factors

Fourth, and lastly, the Court must consider the so-called Emcasco factors when determining whether to enter default judgment. The Court considers: (1) whether the defaulting party has a meritorious defense; (2) the prejudice suffered by the plaintiff seeking default; (3) the defaulting party's culpability in bringing about default. Bridges Fin. Grp., Inc. v. Beech Hill Co., Inc., Civ. No. 09-2686, 2011 WL 1485435, at *3 (D.N.J. Apr. 18, 2011) (citing Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987)). In this case, the first factor appears to weigh heavily in favor of denying default judgment. While the other factors may favor the entry of default judgment, they do not outweigh the first factor.

Based on the documents Plaintiff included with her first Motion for Default Judgment, it appears that Seabrook has a cognizable defense to Plaintiff's allegations. Plaintiff's entire claim is predicated on the absence of probable cause to arrest her, i.e., the nonexistence of an outstanding warrant. However, in the materials attached to her first Motion for Default Judgment there are several documents detailing a warrant for Plaintiff's arrest that was issued on October 8, 2009, and that was executed on September 1, 2012. (See, e.g., Warrant Detail (detailing warrant number S 2009 2194, issued on October 8, 2009, for defendant Michelle Alfred, and executed at 9:45 p.m. on September 1, 2012); Copy of Warrant (showing warrant for the arrest of Michelle Alfred, entered by order of Judge Bruce Ward of the Atlantic City Municipal Court on October 8, 2009, and setting bail at $500.00); April 17, 2013, Letter from Supreme Court of New Jersey Advisory Committee on Judicial Conduct (informing Plaintiff that the warrant for her arrest was actually issued by Judge Bruce Weekes on October 8, 2009, and

Judge Ward's name appeared on the warrant printed on September 1, 2012, because Judge Ward had been appointed on February 1, 2012, to be the Chief Municipal Court Judge in Atlantic City); see also December 5, 2013, Letter from Qual-Lynx (informing Plaintiff that, after reviewing the information submitted, their investigation revealed that the City of Atlantic Police Officers acted in good faith and within the scope of their employment when they interacted with Plaintiff on September 1, 2012, and denying Plaintiff's claim against the City of Atlantic City).)

These attached materials indicate that Seabrook could have a strong defense to Plaintiff's claim, particularly if the documents are authenticated by an appropriate individual.  If there was an active warrant for Plaintiff's arrest on September 1, 2012, and Seabrook relied on that warrant, there would be no Constitutional violation in the first instance.  Moreover, even if Plaintiff argues the warrant was improperly issued, Seabrook may be entitled to qualified immunity based on her good faith reliance on the warrant.  See Malley v. Briggs, 465 U.S. 335, 344-45 (1986) (holding that the same standard of "objective reasonableness" applied in the context of a suppression hearing in United States v. Leon, 468 U.S. 897 (1984), "defines the qualified immunity accorded an officer whose request for a warrant allegedly caused an unconstitutional arrest.")  In sum, the Court concludes that Seabrook may have a strong meritorious defense, and this factor weighs heavily in favor of denying Plaintiff's Motion for Default Judgment.

Looking to the other factors, the Court notes that Defendant has wholly failed to answer the Amended Complaint or otherwise appear, and Plaintiff suffers some prejudice if she does not receive a default judgment because she has no alternative means of vindicating her claim against the defaulting party.  See Directv, 2006 WL 680533, at *2.  The Court finds, however, that this factor weighs less in favor of Plaintiff's request for default judgment where Seabrook's possible

defense appears to be strong.  Finally, Seabrook's failure to respond permits the Court to draw an inference of culpability on her part.  See Surdi v. Prudential Ins. Co. of Am., Civ. No. 08-225, 2008 WL 4280081, at *2 (D.N.J. Sept. 8, 2008).  Nonetheless, because it appears Seabrook may have a strong meritorious defense to Plaintiff's claim, the Court finds the Emcasco factors weigh in favor of denying default judgment.

### III.   CONCLUSION

For the reasons stated above, Plaintiff's Motion for Default Judgment will be **DENIED**.  An appropriate Order shall issue today.


Dated:  6/5/2015                                                              s/ Robert B. Kugler
                                                                              ROBERT B. KUGLER
                                                                              United States District Judge