UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHELLE E. ALFRED, | |
| Plaintiff, | Civ. No. 13-0332 (RBK) (AMD) |
| v. | |
| STATE OF NEW JERSEY, et al., | OPINION |
| Defendants. | |

**ROBERT B. KUGLER, U.S.D.J.**

## I.   INTRODUCTION

Plaintiff is proceeding *pro se* with an amended civil rights complaint filed pursuant to 42 U.S.C. § 1983.  On June 6, 2014, plaintiff's amended complaint was screened pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  Plaintiff's false arrest claims against Sergeant Brennum and Rebeca Seabrook were permitted to proceed.  Presently pending before the Court are two separate requests by plaintiff to amend her amended complaint.  For the following reasons, the applications to amend the complaint will be denied.

## II.   BACKGROUND

In plaintiff's amended complaint, she alleges that she went to the Atlantic City Police Station on September 1, 2012 to file a complaint against a woman who had filed a false report against her.  After filing the report, Sergeant Brennum and Rebeca Seabrook, both police officers, told plaintiff that she had an outstanding warrant against her and that she had to pay $500 so that she could be released on her own recognizance.  Plaintiff alleges that she did not have an outstanding warrant against her.  Nevertheless, she states that she had to spend eight days in the county jail.

This Court proceeded only plaintiff's false arrest claims against Brennum and Seabrook (the other claims and defendants dismissed are not relevant to this Opinion). As noted in the screening Opinion, the amended complaint stated that plaintiff was arrested based on a warrant that never existed. (*See* Dkt. No. 8 at p. 5.) Thus, the Court found that the amended complaint properly alleged a lack of probable cause to arrest plaintiff in the first place on September 1, 2012. (*See id.*) Service of process was subsequently executed against Seabrook, but not against Brennum. (*See* Dkt. Nos. 13 & 14.)

Plaintiff has filed two separate requests to amend her amended complaint. In her first application to amend, plaintiff states that she was at her friend Tasha Williams' house on December 4, 2013 when she heard gunshots. Police officers then came to the house and held rifles to the face of Williams and her daughters. They were then ordered out of the house in twenty degree below zero temperatures. Plaintiff was then held at gunpoint and was told to put her hands up. Plaintiff alleges that her First and Fourth Amendment rights were violated and that she suffered emotional distress. She requests to sue the Atlantic City SWAT department and seeks monetary damages against them. (*See* Dkt. No. 12.)

Subsequently, plaintiff filed a second application to amend her complaint. In this second application, plaintiff states that on February 14, 2014, Mr. David Castellani, filed a false tort claim with the Atlantic City clerk's office on her behalf with respect to the December, 2013 incident. She claims that Mr. Castellani signed her name on the false tort claim notice without her permission. She seeks monetary damages in this second proposed amendment.

### III.   DISCUSSION

In general, leave to amend a complaint is freely given under Federal Rule of Civil Procedure 15(a). However:

> A district court may deny leave to amend a complaint if a plaintiff's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). Moreover, the court may deny a request if the movant fails to provide a draft amended complaint, *see Lake v. Arnold*, 232 F.3d 360, 374 (3d Cir.2000), or may refuse to allow an amendment that fails to state a cause of action. *Adams*, 739 F.2d at 864, citing *Massarsky v. General Motors Corp.*, 706 F.2d 111, 125 (3d Cir.1983).

*Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 272-73 (3d Cir. 2001). In this case, the Court will deny the applications to amend because plaintiff's proposed amendments are not properly joined to her claims against Brennum and Seabrook as stated in the amended complaint.

A district court may raise the issue of improper joinder *sua sponte*. *See Chen v. Shan Qiao Zhang*, No. 10-6255, 2011 WL 612727, at *2 (E.D. Pa. Feb. 10, 2011) (citing FED. R. CIV. P. 21; *Schulman v. J.P. Morgan Inv. Mgmt., Inc.*, 35 F.3d 799, 804 (3d Cir. 1994); *Braverman Kaskey, P.C. v. Toidze*, No. 09-3470, 2010 WL 4452390, at *2 (E.D. Pa. Nov. 4, 2010)). Federal Rule of Civil Procedure 18(a) states that "[a] party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." In a multi-defendant case, however, the propriety of joinder is most directly controlled by the Rule 20 limits on joinder of defendants. Federal Rule of Civil Procedure 20(a) states:

> Persons . . . may be joined in one action as defendants if:
>
> (A) Any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction or occurrences; and
> (B) Any question of law or fact comment to all defendants will arise in the action.

FED. R. CIV. P. 20(a)(2). Rule 20's requirements are to be liberally construed in the interest of convenience and judicial economy. *See Paladino v. Newsome*, No. 12-2021, 2012 WL 3315571, at *5 (D.N.J. Aug. 13, 2012) (citing *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002)). But this application, however, liberal, "is not a license to join unrelated claims and defendants in one

3

lawsuit." *Id.* (citing *Pruden v. SCI Camp Hill*, 252 F. App'x 436 (3d Cir. 2007) (per curiam); *George v. Smith*, 507 F.3d 605 (7th Cir. 2007); *Coughlin v. Rogers*, 130 F.3d 1348 (9th Cir. 1997)).

As previously noted, the allegations of the amended complaint related to plaintiff's claims that she was falsely arrested on September 1, 2012. She claimed that there was no outstanding warrant for her arrest. However, in her proposed amendments, plaintiff's claims relate to an incident that occurred at a friend's house December 4, 2013, when police officers held her at gunpoint at her friend's house, and that Mr. Castellani filed a false tort claim on her behalf without her permission in February, 2014 regarding the December, 2013 incident. Both of plaintiff's proposed amendments have nothing in common with her claims that were proceeded against Brennum and Seabrook with respect to her alleged false arrest in September, 2012. They do not arise out of the "same transaction or occurrence," nor is there any "question of law or fact common to all defendants." Thus, plaintiff's proposed amendments would not be proper due to improper joinder such that the applications to amend the amended complaint will be denied. *Accord Mosher v. New Jersey*, 06-2526, 2007 WL 1101230, at *5 (D.N.J. Apr. 10, 2007) (denying motion to amend as proposed amendments fail to satisfy permissive joinder requirements of Rule 20); *Israel Travel Advisory Service, Inc. v. Legacy Israel Travel, Inc.*, No. 94-4255, 1995 WL 430562, at *1 (E.D. Pa. July 19, 1995) (denying motion to amend as futile where proposed amendment would run afoul of the joinder rules).

This Court makes one final note with respect to the misjoinder of plaintiff's proposed amendments. As the United States Court of Appeals for the Third Circuit has noted in the case of misjoinder, "a court may not simply dismiss a suit altogether. Instead, the court has two remedial options: (1) misjoined parties may be dropped 'on such terms as are just'; or (2) any

claims against misjoined parties 'may be severed and proceeded with separately.'" *DirecTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006) (quoting Fed. R. Civ. P. 21). In *DirecTV*, the Third Circuit explained the effect of each of these options:

> When a court "drops" a defendant under Rule 21, that defendant is dismissed from the case without prejudice. *Publicker Indus., Inc. v. Roman Ceramics Corp.,* 603 F.2d 1065, 1068 (3d Cir.1979); *see also Elmore v. Henderson,* 227 F.3d 1009, 1011–12 (7th Cir.2000) (Posner, J.). When that occurs, the "statute of limitations is not tolled" because we treat the initial complaint "as if it never existed." *Brennan v. Kulick,* 407 F.3d 603, 606 (3d Cir.2005) (internal quotation marks omitted). But when a court "severs" a claim against a defendant under Rule 21, the suit simply continues against the severed defendant in another guise. *White v. ABCO Eng'g Corp.,* 199 F.3d 140, 145 n. 6 (3d Cir.1999); *Elmore,* 227 F.3d at 1012. The statute of limitations is held in abeyance, and the severed suit can proceed so long as it initially was filed within the limitations period. *Id.*
>
> Because a district court's decision to remedy misjoinder by dropping and dismissing a party, rather than severing the relevant claim, may have important and potentially adverse statute-of-limitations consequences, the discretion delegated to the trial judge to dismiss under Rule 21 is restricted to what is " just."

*DirecTV*, 467 F.3d at 845 (footnote omitted).

The applicable statute of limitations for plaintiff's § 1983 claims is two years. *See Vickers v. Childs*, 530 F. App'x 104, 105 (3d Cir. 2013) (per curiam) (stating that a § 1983 claim is governed by the applicable state's personal injury statute of limitations and New Jersey has a two-year statute of limitations for such claims) (citing N.J. STAT. ANN. § 2A:14-2(a)). In this case, the actions giving rise to plaintiff's proposed amendments presumably accrued in December, 2013 and February, 2014, respectively. Thus, it appears that plaintiff's claims as raised in her proposed amendments are still within the two-year applicable statute of limitations for § 1983 claims and have not expired. Accordingly, the Court will not open new civil actions with respect to plaintiff's proposed amendments. Plaintiff may do so on her own if she so elects.

5

## IV.     CONCLUSION

For the foregoing reasons, plaintiff's applications to amend her amended complaint (Dkt. Nos. 12 & 15) will be denied.  An appropriate order will be entered.


DATED:   July 8, 2015

                                                       s/Robert B. Kugler
                                                       ROBERT B. KUGLER
                                                       United States District Judge