UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MICHELE E. ALFRED, :
                                          :
      Plaintiff,           :       Civ. No. 13-0332 (RBK) (AMD)
                                          :
   v.                                     :
                                          :
STATE OF NEW JERSEY, et al.,   :       OPINION
                                          :
      Defendants.        :
                                          :

**ROBERT B. KUGLER, U.S.D.J.**

## I.     INTRODUCTION

Plaintiff, Michelle E. Alfred, is proceeding *pro se* with an amended civil rights complaint filed pursuant to 42 U.S.C. § 1983. This Court previously screened plaintiff's amended complaint and permitted plaintiff's false arrest claims against Sergeant Brennum and Rebeca Seabrook[1] to proceed. Subsequently, this Court denied two requests by plaintiff to amend her amended complaint. Presently pending before the Court is defendant Seabrook's motion to dismiss the amended complaint against her for failure to state a claim.[2] For the following reasons, Seabrook's motion to dismiss will be granted and the amended complaint will be dismissed without prejudice.

## II.     LEGAL STANDARD MOTION TO DISMISS COMPALINT PURAUNT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

In deciding a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether under any reasonable reading of the complaint, the plaintiff may be entitled to

---

[1] This defendant's first name is actually spelled Rebecca.
[2] The summons and complaint against Brennum was returned to the Court as unexecuted. Thus, he has never been served in this case.

relief." *Fair Wind Sailing, Inc. v. Dempster,* 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Phillips v. Cnty. of Allegheny,* 515 F.3d 224, 233 (3d Cir.2008)). According to the Supreme Court's decision in *Ashcroft v. Iqbal,* "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). To survive a motion to dismiss for failure to state a claim, a complaint must allege "sufficient factual matter" to show that its claims are facially plausible. *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing,* 764 F.3d at 308 (quoting *Iqbal,* 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.,* 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### III. BACKGROUND

This Court laid out the factual background of the amended complaint in its prior screening Opinion which stated as follows:

> Plaintiff alleges that she went to Atlantic City Police Station on September 1, 2012, to file a complaint against a woman who had filed a false report against her. She was accompanied to the police station by Arthur Dennis, who is the father to plaintiff's children. After finishing filing the report, Sergeant Brennum appeared with another officer named Rebec[c]a Seabrook. Sergeant Brennum then told plaintiff that she had a warrant and that she had to pay $500 so that she could then be released on her own recognizance. However, plaintiff states that she spent eight days in the county jail. She was released on September 8, 2012.
>
> Plaintiff states that in fact she did not have a warrant against her at all. She also states that she subsequently went to the prosecutor's office in Mays Landing, New Jersey, and spoke with Detective

> Bryan Ripley. Ripley also told her that she did not have a warrant.
> Whereupon, plaintiff showed Ripley that she was in fact just in the
> county jail.

(Dkt. No. 8 at p. 1-2) Plaintiff seeks monetary damages as relief in her amended complaint.

## IV.     DISCUSSION

A. <u>Defendant Seabrook's Motion to Dismiss</u>

The first step that this Court must undertake in analyzing Seabrook's motion to dismiss for failure to state a claim is to set forth the elements of the claim against Seabrook that was proceeded, specifically false arrest. "To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish:  (1) that there was an arrest, and (2) that the arrest was made without probable cause." *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012) (citing *Groman v. Twp. of Manalapan*, 47 F.3d 628, 634 (3d Cir. 1995); *Dowling v. City of Phila.*, 855 F2d 136, 141 (3d Cir. 1988)). "'Probable cause to arrest exists when the facts and the circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested.'" *Merkel v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 788 (3d Cir. 2000) (quoting *Orsatti v. New Jersey State Police*, 71 F.3d 480, 482 (3d Cir. 1995)); *see also Minatee v. Phila. Police Dep't*, 502 F. App'x 225, 228 (3d Cir. 2012) (citation omitted). The arresting officer must only reasonably believe at the time of the arrest that an offense is being committed, a significant lower burden than proving guilt at trial. *See Wright v. City of Phila.*, 409 F.3d 595, 602 (3d Cir. 2005); *see also Minatee*, 502 F. App'x at 228 (citation omitted).

This Court permitted plaintiff's false arrest claim to proceed against Seabrook because she stated that she was arrested based upon a warrant that never existed. However, as Seabrook correctly points out, plaintiff has provided the Court with a copy of her warrant. While it was not

attached to her amended complaint that was screened, it was attached to a supplemental letter to her original complaint. (*See* Dkt. No. 2 at p. 4) After plaintiff's amended complaint was screened, plaintiff again provided documentation that a warrant existed prior to her being arrested. (Dkt. No. 11 at p. 6) This Court can consider these documents in deciding Seabrook's motion to dismiss because they are items that appear in the record of the case. *See Siwulec v. J.M. Adjustment Services, LLC*, 465 F. App'x 200 (3d Cir. 2012) (noting that court can consider items appearing in the record of the case in deciding a motion to dismiss under Rule 12(b)(6)) (citing *Buck v. Hampton Twp. Sch. Dist.* 452 F.3d 256, 260 (3d Cir. 2006)).

      As a panel of the Third Circuit has noted, immunity is generally extended "to an officer who makes an arrest based on an objectively reasonable belief that there is a valid warrant." *Adams v. Officer Eric Selhorst*, 449 F. App'x 198, 202 (3d Cir. 2011) (citing *Berg v. Cnty. of Allegheny*, 219 F.3d 261, 273 (3d Cir. 2000)). However, "an apparently valid warrant does not render an officer immune from suit if his reliance on it is unreasonable in light of the relevant circumstances." *Id.* (citing *Berg*, 219 F.3d at 273). As stated in *supra* Part II, plaintiff based her false arrest claim against Seabrook on the factual allegation that there was no warrant to arrest her. However, as detailed above, the record supplied by plaintiff to this Court contradicts that allegation as the warrant itself is part of the record in this case. Furthermore, there is no allegation in the complaint that Seabrook's reliance on this warrant was unreasonable. Because it is at least theoretically possible that plaintiff could raise an allegation that Seabrook's reliance on this warrant was unreasonable in light of the relevant circumstances, this Court will dismiss the complaint as to Seabrook without prejudice at this time. Plaintiff shall be given one final opportunity to raise a sufficient false arrest claim against her if she elects to do so.

B. Defendant Brennum

As noted in *supra* Part II, this Court permitted plaintiff's false arrest claim against defendant Brennum to initially proceed past screening as well. To date, Brennum has not been served with the amended complaint. However, this Court is permitted to screen the complaint "at any time" to determine whether a plaintiff has failed to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).[3] The same reasons why plaintiff has failed to state a claim against Seabrook hold true for Brennum as well. Therefore, the false arrest claim against Brennum will also be dismissed without prejudice for failure to state a claim. Like her claims against Seabrook however, plaintiff shall be given one final opportunity to state a claim against Brennum if she elects to do so.

C. Additional Request to Add Parties

Plaintiff has also filed a request to add parties to her amended complaint that was not previously analyzed by this Court. (*See* Dkt. No. 11) In general, leave to amend a complaint is freely given under Federal Rule of Civil Procedure 15(a). However:

> A district court may deny leave to amend a complaint if a plaintiff's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the opposing party. *Foman v. Davis,* 371 U.S. 178, 182 (1962). Moreover, the court may deny a request if the movant fails to provide a draft amended complaint, *see Lake v. Arnold,* 232 F.3d 360, 374 (3d Cir. 2000), or may refuse to allow an amendment that fails to state a cause of action. *Adams,* 739 F.2d at 864, citing *Massarsky v. General Motors Corp.,* 706 F.2d 111, 125 (3d Cir. 1983).

---

[3] As this Court discussed in its prior screening Opinion, the legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)((ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See* Dkt. No. 8 at p. 3 n.2 (citations omitted))

*Cureton v. Nat'l Collegiate Athletic Ass'n,* 252 F.3d 267, 272–73 (3d Cir. 2001). In this case, plaintiff failed to provide this Court with a draft of the proposed amended complaint, which alone is sufficient to deny her request to add parties. Indeed, as one leading treatise has stated:

> [T]o ensure that the pleadings give notice of all the issues that are in the controversy so they can be handled and comprehended expeditiously, the safer practice is to introduce an amended pleading that is complete in itself, rather than one that refers to the prior pleading or seeks to incorporate a portion of it.... Even if the pleading is lengthy and involved, a self-contained amended pleading will assist the parties and the court in dealing with the issues better than one that is replete with references to another pleading.

6 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1476 (3d ed.). Nevertheless, plaintiff's request to add parties fails for additional reasons as well. Plaintiff seeks to add John Tonelli, who is purportedly on the Advisory Committee on Judicial Conduct for the Supreme Court of New Jersey, and Christina LaLena, who is the Municipal Division Manager for the Superior Court of New Jersey, Municipal Division of Atlantic and Cape May Counties, as defendants in this action. He alleges that each of these two individuals purportedly sent him false documentation of the purportedly false arrest warrant. It is unclear exactly what type of constitutional claim plaintiff is seeking to bring against these two judicial employee individuals. Thus, plaintiff's allegations fail to satisfy the *Iqbal* facial plausibility standard.

      Furthermore, it is worth noting that these two individuals are also perhaps immune from suit as well. Indeed, it appears from the complaint that plaintiff is alleging claims against the court employee defendants associated with their functions in assisting with the judicial process. As such, these defendants are presumably be immune as well. *See Stout v. Naus*, No. 09-0380, 2009 WL 1794989, at *3 (M.D. Pa. June 23, 2009) (citing *Marcedes v. Barrett,* 453 F.2d 391 (3d Cir.1971) (holding that quasi-judicial immunity applied to clerk of courts, an administrative

assistant to the present judge and a court reporter); *Henig v. Odorioso,* 385 F.2d 491, 494 (3d Cir. 1967) (holding that judicial employees executing judicial orders are immune from suit); *Davis v. Phila. Cnty.,* 195 F. Supp. 2d 686 (E.D. Pa. 2002) (holding that quasi-judicial immunity applies to court staff, such as clerks of judicial records and court reporters)); *see also Sirbaugh v. Young*, 25 F. App'x 266, 268 (6th Cir. 2001) ("[J]udicial employees are immune from damages for the performance of quasi-judicial duties.").

Finally, in list form, plaintiff names a plethora of additional defendants he seeks to add to this action. However, plaintiff fails to allege the personal involvement of these defendants with respect to her false arrest claim which is required to properly plead a Section 1983 claim. *See Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir.1988); *see also In re Bayside Prison Litig.*, No. 97–5127, 2007 WL 327519, at *5 (D.N.J. Jan.30, 2007). Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. *See Rode*, 845 F.2d at 1207; *see also Baker v. Monroe Twp.,* 50 F.3d 1186, 1190–91 (3d Cir. 1995); *Jackson v. Camden Cnty. Corr. Facility,* No. 12–7538, 2013 WL 1844636, at *3 n.1 (D.N.J. Apr. 29, 2013). No such allegations of personal involvement are made by plaintiff in her request to add parties. Accordingly, she fails to make allegations against them with the specificity required by *Twombly* and *Iqbal*. Therefore, her request to add them as defendants will be denied without prejudice. Plaintiff shall be given one final opportunity to raise in a proposed second amended complaint allegations against these defendants. In any proposed second amended complaint that the plaintiff may elect to file, she must state each defendants' personal involvement in the allegations giving rise to her claims for her to properly state a claim that is entitled to relief.

## V. CONCLUSION

For the foregoing reasons, Seabrook's motion to dismiss will be granted. Furthermore, plaintiff's claims against Brennum will be dismissed without prejudice. Finally, plaintiff's request to proceed with other parties involved will be denied without prejudice. Plaintiff shall be given one final opportunity to submit a proposed second amended complaint that corrects the deficiencies of the complaint as stated in this Opinion if she elects to do so.


DATED:  March 23, 2016                                          s/Robert B. Kugler
                                                                ROBERT B. KUGLER
                                                                United States District Judge