**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____

| | | |
|---|---|---|
| MICHELLE E. ALFRED, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 13-0332 (RBK) (AMD) |
| | : | |
| v. | : | |
| | : | |
| STATE OF NEW JERSEY, et al., | : | **OPINION** |
| | : | |
| Defendants. | : | |

_____ :

**ROBERT B. KUGLER, U.S.D.J.**

## I.  INTRODUCTION

Plaintiff, Michelle E. Alfred, is proceeding _pro se_ with this civil rights action filed pursuant to 42 U.S.C. § 1983. Presently pending before this Court is plaintiff's motion for leave to amend her complaint. This Court previously gave plaintiff permission to file a second amended complaint when it dismissed her amended complaint without prejudice. Therefore, the motion for leave to file the amended complaint will be denied as unnecessary and the Clerk will be ordered to file the second amended complaint. This second amended complaint, however, is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons set forth below, the second amended complaint will be dismissed with prejudice.

## II.  BACKGROUND

This case has a lengthy procedural history. Because this Court will be dismissing plaintiff's federal claims in the second amended complaint with prejudice, a brief discussion of this case's procedural history is warranted.

This Court received plaintiff's original complaint in January, 2013. The original complaint named the following defendants: (1) the State of New Jersey; (2) the Atlantic City Police Department; (3) the Atlantic City Municipal Court; (4) Judge Bruce Ward; (5) Court Administrator Bryant Tetter; (6) Clerk to Judge Ward Ms. Cotice Witherspoon-Stanford; (7) Atlantic City Police Department Sgt. Brennum; (8) Littlefield City Lawyer Brian Braun; (9) Ms. Ibhade Ibhadefifdon; (10) Mayor L. Langford; (11) Mr. Earnest Jubilee; (12) Captain of Police Mr. Vanenburg; (13) Detective Lori Nylam; (14) Detective Stephen Rando; (15) Investigator Charlotte Berries; (16) the Atlantic City Prosecutors Office; (17) Ms. Tina Lolita; (18) Ms. Diana Licki of the Prosecutors' Office; (19) James Lenard (lawyer for Harry Broughton); (20) State Parole Officer Mr. B. Smith; (21) Sgt. McGrafe of the Criminal Justice Unit; and (22) Mr. Charles Cresenzo of the Criminal Justice Unit. In a letter filed after she submitted her original complaint, plaintiff also sought to add as a defendant Ventor Prosecutor Mr. Mosca.

This Court explained the factual underpinnings of plaintiff's original complaint as follows:

> Although Plaintiff's Complaint is not entirely clear, it appears that she is alleging that Ms. Ibhadedifdon made a false report that Plaintiff was harassing her. Plaintiff further alleges that Defendant Atlantic County Court Administrator Bryant Tetter knows that Ms. Ibhadedifdon "files a lot of false claims in court." Plaintiff alleges that she was subject to a "false arrest" on September 1, 2012, when she was arrested pursuant to a warrant issued against her on October 8, 2009, for a violation of N.J.S.A. 2C:33–4A (Harassment), a copy of which is attached to one of Plaintiff's supplemental Letters (Docket Entry No. 2). The document is a computer printout entitled "COPY OF WARRANT," is addressed "TO ANY POLICE OFFICER," and directs arrest as follows:
>
> > YOU ARE HEREBY COMMANDED TO ARREST THE DEFENDANT WHOSE NAME AND ADDRESS ARE SHOWN BELOW AND BRING HIM BEFORE THIS COURT TO ANSWER A COMPLAINT CHARGING AN

2

OFFENSE IN THE JURISDICTION OF THIS
COURT OR HOLD THE DEFENDANT TO BAIL
BEFORE AN AUTHORIZED OFFICIAL IF AN
AMOUNT OF BAIL IS SHOWN ABOVE.

(Docket Entry No. 2, Letter, Att.) The warrant states that it is
issued by Order of Judge G. Bruce Ward, a judge of the Atlantic
County Municipal Court, and is "authorized" by Court
Administrator Brian W. Jetter. The warrant further sets a bail
amount of $500, not subject to bond. Plaintiff alleges that she was
released on September 8, 2012. She alleges that she suffered chest
pain while she was confined and that she believes she had a heart
attack.

In a Letter [3] to the Court dated July 15, 2013, Plaintiff seeks
leave to add Ventnor Prosecutor Mr. Mosca who allegedly
interviewed her at the courthouse on March 26, 2013, the day that
charges against her were dropped. Plaintiff alleges that Mr. Mosca
asked her for identification and asked her to tell him "what
happened." It is not clear whether Mr. Mosca is alleged to have
interviewed Plaintiff before or after the charges were dropped or
whether he had any participation in the criminal action against her.

Plaintiff demands that a grand jury be convened and that federal
criminal corruption charges be brought against all those involved.
She also seeks damages in the amount of $50 million for malicious
prosecution, false reports, defamation, and emotional suffering.

(Dkt. No. 5 at p. 2-4)

This Court screened the original complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). With

respect to the false arrest allegations, this Court determined that a criminal complaint had been

filed against plaintiff before the arrest warrant was issued and the skeletal factual allegations of

the complaint were not sufficient to raise a right to relief against any state actor above a

speculative level. Accordingly, plaintiff's false arrest claim was dismissed without prejudice.

Plaintiff's malicious prosecution claims were also dismissed without prejudice for failure

to state a claim. The original complaint was not clear about the state actor that instituted the

criminal prosecution against her and she failed to allege facts demonstrating that any state actor acted with malice in instituting the proceeding against her.

Plaintiff's claims against Judge Bruce Ward, Court Administrator Tetter and law clerk Cotice Witherspoon-Stanford were dismissed with prejudice on the basis of judicial or quasi-judicial immunity. Furthermore, plaintiff's claims against Diana Licki were dismissed with prejudice on the basis of prosecutorial immunity. Plaintiff's request to add Mr. Mosca as a defendant was also denied on the basis of prosecutorial immunity. Plaintiff's claims against the State of New Jersey, the Atlantic City Prosecutors Office and the Atlantic City Municipal Court were also dismissed with prejudice pursuant to Eleventh Amendment Immunity. Plaintiff's claims against the remaining defendants were dismissed without prejudice as plaintiff failed to allege any facts that the actors were personally involved in the alleged violations of her constitutional rights or that any of them, or any municipality or government agency with which any of them was associated was responsible for any policy or custom that contributed to the alleged violations of plaintiff's constitutional rights. Plaintiff was then given leave to file a proposed amended complaint that corrected the deficiencies of her original complaint.

Plaintiff then filed a proposed amended complaint that was also subject to this Court's *sua sponte* screening. On June 6, 2014, this Court permitted plaintiff's amended complaint to proceed in part. The amended complaint's allegations were as follows:

> Plaintiff alleges that she went to the Atlantic City Police Station on September 1, 2012, to file a complaint against a woman who had filed a false report against her. She was accompanied to the police station by Arthur Dennis, who is the father to plaintiff's children. After finishing filing the report, Sergeant Brennum appeared with another officer named Rebeca Seabrook. Sergeant Brennum then told plaintiff that she had a warrant and that she had to pay $500 so that she could then be released on her own recognizance. However, plaintiff states that she spent eight days in the county jail. She was released on September 8, 2012.

> Plaintiff states that in fact she did not have a warrant against her at
> all.  She also states that she subsequently went to the prosecutor's
> office in Mays Landing, New Jersey, and spoke with Detective
> Bryan Ripley.  Ripley also told her that she did not have a warrant.
> Whereupon, plaintiff showed Ripley that she was in fact just in the
> county jail.
>
> Plaintiff seeks monetary damages as her requested relief and a
> request to convene a grand jury.

(Dkt. No. 8 at p. 1-2) This Court permitted plaintiff's false arrest claim against Brennum and

Seabrook to proceed past screening. However, plaintiff failed to state a claim against Ripley

because the sole allegation with respect to Ripley in the amended complaint was that plaintiff

told him that she did not have a warrant. Accordingly, plaintiff's claims against Ripley were

dismissed without prejudice. Furthermore, this Court denied plaintiff's request to convene a

grand jury.

Plaintiff then filed requests to amend her complaint. (*See* Dkt. Nos. 12 & 15) Her

requests were denied. (*See* Dkt. Nos. 31 & 32)

Service of plaintiff's amended complaint was effectuated against Seabrook but not

Brennum. Seabrook then filed a motion to dismiss the complaint. (*See* Dkt. No. 30) On March

24, 2016, this Court granted Seabrook's motion to dismiss. (*See* Dkt. Nos. 33 & 34) This Court

noted that plaintiff had included in the record a copy of the arrest warrant. It was further noted

that immunity is generally extended to an officer who makes an arrest based on an objectively

reasonable belief that there is a valid warrant. (*See* Dkt. No. 33 at p. 4) Seabrook's motion to

dismiss was granted because plaintiff failed to allege that it was unreasonable for Seabrook to

rely on the warrant. However, the dismissal of the amended complaint against Seabrook was

without prejudice because it was possible that plaintiff could raise an allegation that the reliance

on the warrant was unreasonable. (*See id.*) This Court also dismissed plaintiff's false arrest claim

against Brennum pursuant to 28 U.S.C. § 1915(e)(2)(B) for similar reasons as the claims against Seabrook were dismissed despite him not being served with the amended complaint. (*See* Dkt. No. 33 at p.33) In dismissing the amended complaint, this Court gave plaintiff notice that she would be given one final opportunity to file a proposed second amended complaint that stated a claim.

On May 11, 2016, this Court received plaintiff's motion for leave to file an amended complaint. (*See* Dkt. No. 39) This motion for leave to file a second amended complaint is unnecessary. This Court previously gave plaintiff permission to file a second amended complaint when her amended complaint was dismissed on March 24, 2016.

While the motion will be denied as unnecessary, the second amended complaint must still be screened pursuant to § 1915(e)(2)(B). The claims that plaintiff is attempting to raise in her second amended complaint are not completely clear. However, it appears as if plaintiff is again attempting to assert her false arrest claims against James Brennum and Rebecca Searbook. She alleges that she was falsely arrested by these two officers on September 1, 2012 on a warrant that never existed. Furthermore, she states that warrant upon which she was arrested was "phony," typed up by one of the officers and that she was not given her *Miranda* warnings when she was arrested.

She further claims that the warrant is improper because Judge Ward signed it, yet he was not a judge when the warrant was issued. This purported false warrant was authorized by Brian Jetter according to plaintiff.

Plaintiff also alludes to a conspiracy when Seabrook purportedly told Mr. Dennis, plaintiff's children's father, about the warrant and asked him for the $500 outstanding on the warrant.

Additionally, the complaint names Tina LaLena as a defendant. She is purportedly liable because she sent plaintiff a copy of the warrant that plaintiff alleges is false. (*See* Dkt. No. 39 at p.10) However, despite LaLena's representation to plaintiff in her letter, plaintiff states that a copy of the warrant was not included by LaLena. Finally, the proposed amended complaint mentions Mr. Tonelli in that Mr. Tonelli purportedly told plaintiff that Mrs. LaLena had sent him the warrant.

Plaintiff also names additional defendants in her second amended complaint in list form. Plaintiff seeks $5 million in damages on her claims for relief.

## III.   LEGAL STANDARDS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

District courts must review complaints in those civil actions in which a person is proceeding *in forma pauperis. See* 28 U.S.C. § 1915(e)(2)(B). The statute directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See id.*

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 Fed.Appx. 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

8

# IV.    DISCUSSION

A. <u>Rule 8</u>

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). When a complaint is of an unwieldly length or unintelligible, a dismissal of the complaint without prejudice under Rule 8 may be appropriate. *See Stephanatos v. Cohen*, 236 F. App'x 785, 787 (3d Cir. 2007). Defendant Seabrook filed a response to plaintiff's motion for leave to amend arguing that plaintiff's second amended complaint fails to comply with Rule 8. While plaintiff's second amended complaint is difficult to precisely follow and represents a jumbled list of factual allegations and citations to legal authority, this Court will not dismiss the second amended complaint pursuant to Rule 8. Instead, plaintiff's allegations will be screened to determine whether it is appropriate to let her second amended complaint proceed.

B. <u>False Arrest</u>

The linchpin of plaintiff's allegations throughout this case has been that she was falsely arrested by Seabrook and Brennum. "To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish:  (1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012) (citing *Groman v. Twp. of Manalapan*, 47 F.3d 628, 634 (3d Cir. 1995); *Dowling v. City of Phila.*, 855 F.2d 136, 141 (3d Cir. 1988)). "'Probable cause to arrest exists when the facts and the circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested.'" *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 788 (3d Cir. 2000) (quoting *Orsatti v. New Jersey State Police*, 71 F.3d 480, 482 (3d Cir. 1995)); *see also Minatee v. Phila. Police*

*Dep't*, 502 F. App'x 225, 228 (3d Cir. 2012) (citation omitted). The arresting officer must only

reasonably believe at the time of the arrest that an offense is being committed, a significantly

lower burden than proving guilt at trial.  *See Wright v. City of Phila.*, 409 F.3d 595, 602 (3d Cir.

2005); *see also Minatee*, 502 F. App'x at 228 (citation omitted). Immunity is generally extended

to "an officer who makes an arrest based on an objectively reasonable belief that there is a valid

warrant." *Adams v. Officer Eric Selhorst*, 449 F. App'x 198, 202 (3d Cir. 2011) (citing *Berg v.*

*Cnty. of Allegheny*, 219 F.3d 261, 273 (3d Cir. 2000)). However, "an apparently valid warrant

does not render an officer immune from suit if his reliance on it is unreasonable in light of the

relevant circumstances." *Id.* (citing *Berg*, 219 F.3d at 273).

Plaintiff's attempt to bring a false arrest claim in her first amended complaint was denied

because plaintiff failed to allege that Seabrook's and Brennum's reliance on the arrest was

unreasonable in light of the circumstances. Plaintiff attempts to overcome this deficiency in her

second amended complaint by asserting that these two officers falsified and created a phony

arrest warrant. This Court finds this allegation conclusory and insufficient under *Iqbal* to state a

claim against these two officers who were purportedly responsible for plaintiff's arrest. Indeed,

there are no plausible facts that plaintiff alleges to support her conclusory claim that the officers

falsified the arrest warrant. Furthermore, plaintiff includes a letter from the Supreme Court of

New Jersey addressed to plaintiff in which the Supreme Court states that the warrant is not

phony, but was issued by Judge Weekes.[1] (*See* Dkt. No. 41 at p.5) Accordingly, plaintiff fails to

state a false arrest claim in her second proposed amended complaint because she has not alleged

---

[1] Plaintiff titles Docket Number 41 as "Additional Evidence for Review." As noted in a prior
Opinion, this Court can consider this document as plaintiff included it as part of the record in this
case. *See Siwulec v. J.M. Adjustment Services, LLC*, 465 F. App'x 200, 202 (3d Cir. 2012)
(noting that court can consider items appearing in the record of the case in deciding a motion to
dismiss under Rule 12(b)(6)) (citing *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d
Cir. 2006)).

facts to plausibly support a claim that reliance on the arrest warrant to arrest plaintiff was unreasonable.

C. *Miranda*

Plaintiff alleges in her second amended complaint that she was not given her *Miranda* warnings upon her arrest. "As an initial matter, Fifth Amendment protections are generally limited to criminal proceedings." *Brown v. SEPTA*, 539 F. App'x 25, 27 (3d Cir. 2013) (citing *Baxter v. Palmigiano,* 425 U.S. 308, 316 (1976); *Chavez v. Martinez,* 538 U.S. 760, 778 (2003) (Souter, J., concurring)). A violation of *Miranda* is therefore not actionable under § 1983 unless statements resulting from that violation are used against a plaintiff in his criminal trial. *See Renda v. King,* 347 F.3d 550, 557-58 (3d Cir. 2003); *see also Brown,* 539 F. App'x at 28.

Plaintiff does not allege that any statements resulting from the purported violation were used against her at a criminal trial. Therefore, she fails to state a federal claim for relief under *Miranda.*

D. Judge Ward and Brian Jetter

The second amended complaint also mentions Judge Ward and Brian Jetter. However, this Court previously dismissed plaintiff's claims against Judge Ward and Brian Jetter (spelled Bryant Tetter in the original complaint) with prejudice when plaintiff's original complaint was initially screened. (*See* Dkt. No. 5 at p. 13-16). Therefore, plaintiff's claims against them in the second amended complaint shall also not be permitted to proceed as well.[2]

---

[2] As noted in dismissing the original complaint, Judge Ward was entitled to judicial immunity and Brian Jetter (spelled Bryant Tetter in the original complaint) was entitled to quasi-judicial immunity as the court administrator.

E.  Conspiracy

Plaintiff also is apparently attempting to raise a conspiracy claim against Seabrook. As best this Court can tell, these are the allegations that comprise her attempt to bring such a claim as stated in her second amended complaint:

> Conspiracy to my right and conspiracy to against my right when Rebecca Seabrook led my kids dad Mr. Dennis away from the area where the false arrest happened. After telling him about the charge and $500.
>
> Later on after spending 9/1/12 – 9/8/12 8 days in jail for nothing I was told by Mr. Dennis that Rebecca had ask him for the $500 and questions are you sure that I Michelle had a warrant. Mr. Dennis is referring to me when Mr. Dennis was speaking to Rebecca Seabrook.
>
> Here is the conspiracy to and against my rights why ask Mr. Dennis about giving money $500 and telling Mr. Dennis about the contempt charge without ever Rebecca Seabrook telling me herself.

(Dkt. No. 39 at p.8-9)

"In order to prevail on a conspiracy claim under § 1983, a plaintiff must prove that persons acting under color of state law conspired to deprive him of a federally protected right...." *Watson v. Sec'y Pennsylvania Dep't of Corr.*, 436 F. App'x 131, 137 (3d Cir. 2011) (citing *Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.*, 172 F.3d 238, 254 (3d Cir. 1999), *superseded by statute on other grounds as stated in P.P. v. West Chester Area Sch. Dist.*, 585 F.3d 727, 730 (3d Cir. 2009)). Furthermore, to state a claim for civil conspiracy in New Jersey, "the plaintiff must allege that the defendant (1) entered into an agreement with at least one other person, (2) for the purpose of committing an unlawful act; and (3) one of the conspirators then took at least one overt act in furtherance of the agreement; and (4) plaintiff suffered some damage as a result."

*White v. Taylor*, No. 10–5485, 2013 WL 4595885, at *6 (D.N.J. Aug. 28, 2013) (citing *Banco*
*Popular N. Am. v. Gandi*, 184 N.J. 161, 876 A.2d 253, 263 (N.J. 2005)).

　　　　Plaintiff fails to state a conspiracy claim under Section 1983 as she has not alleged that
she was deprived of a federal protected right. Indeed, as described above, she has not stated a
false arrest claim. Furthermore, the complaint is devoid of any allegations that Seabrook entered
into an agreement with another person for the purpose of committing an unlawful act. Therefore,
plaintiff fails to properly allege a conspiracy claim under federal law.

### F.  Christina LaLena & Mr. Tonelli

　　　　The second amended complaint also appears to be asserting claims against Christina
LaLena and Mr. Tonelli. Plaintiff alleges that LaLena sent her a letter dated December 5, 2012 in
which she states that she enclosed a copy of the warrant. However, plaintiff states that LaLena
never sent her a copy of the warrant. Additionally, plaintiff states that Tonelli stated that LaLena
sent her a copy of the warrant. She claims that the defendants conspired against him in violation
of 18 U.S.C. § 242.[3]

---

[3] Section 242 states as follows:

>       Whoever, under color of any law, statute, ordinance, regulation, or
>       custom, willfully subjects any person in any State, Territory,
>       Commonwealth, Possession, or District to the deprivation of any
>       rights, privileges, or immunities secured or protected by the
>       Constitution or laws of the United States, or to different
>       punishments, pains, or penalties, on account of such person being
>       an alien, or by reason of his color, or race, than are prescribed for
>       the punishment of citizens, shall be fined under this title or
>       imprisoned not more than one year, or both; and if bodily injury
>       results from the acts committed in violation of this section or if
>       such acts include the use, attempted use, or threatened use of a
>       dangerous weapon, explosives, or fire, shall be fined under this
>       title or imprisoned not more than ten years, or both; and if death
>       results from the acts committed in violation of this section or if
>       such acts include kidnapping or an attempt to kidnap, aggravated
>       sexual abuse, or an attempt to commit aggravated sexual abuse, or

LaLena is the Municipal Division Manager of the Superior Court of New Jersey, Municipal Division of Atlantic and Cape May County. Plaintiff's claims against her are purportedly based upon a December 5, 2012 letter that she sent to plaintiff that plaintiff includes in the record in this case. (*See* Dkt. No. 41 at p.4) In that letter, Lalena stated as follows:

> Per our conversation of November 30, 2012, I have enclosed a copy of the warrant for the above listed matter. As I said, this copy does show Judge Ward as the issuing judge, even though it was issued by Judge Weekes; this is due to a default in our computer system. The record shows that when you were apprehended, Judge Weekes did set bail, and I have attached a copy of this record also.

(*Id.*)

Plaintiff also included a copy of a letter from Tonelli in this case. Tonelli is apparently an official with the Supreme Court of New Jersey, Advisory Committee on Judicial Conduct. In his April 17, 2013 letter to plaintiff, Tonelli states as follows:

> As we discussed over the telephone, you complained that Judge Ward issued a warrant for your arrest on October 8, 2009 at a time when he had not been appointed a judge of the Atlantic City Municipal Court. After looking into this matter further, it has been determined that the warrant in question was issued by Judge Bruce Weekes on October 8, 2009, not by Judge Ward. The printout you provided shows Judge Ward's name on it because it was printed on September 1, 2012. At that time, specifically on February 1, 2012, Judge Ward had been appointed as the Chief Municipal Court Judge in Atlantic City, so his name would appear on any new notices or printouts generated by the ATS or ACS court systems. The printout that you provided is one of those notices.

(Dkt. No. 41 at p.5)

---

> an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.

18 U.S.C. § 242.

It appears as if plaintiff is attempting to raise a constitutional claim against LaLena and Tonelli for failing to send a copy of the warrant to her. Plaintiff does not state nor can this Court gleam how failing to send plaintiff a copy of the warrant rises to the level of a constitutional violation by these two defendants. Therefore, plaintiff has not stated a federal claim against either defendant upon which relief may be granted.

Plaintiff cites to 18 U.S.C. § 242 in an apparent attempt to allege that these two defendants conspired against her. However, as one court has explained:

> Section 1983 also does not provide a private right of action for violation of 18 U.S.C. § 242. In order to bring suit to enforce a right created by federal law pursuant to Section 1983, Plaintiff must demonstrate that the federal statute creates an individual right, i.e., that Congress intended to create a private right of action to enforce that right. *Gonzaga Univ. v. Doe,* 536 U.S. 273, 283-85 (2002). 18 U.S.C. § 242 is the criminal counterpart to Section 1983. *See Cito v. Bridgewater Twp. Police Dept.,* 892 F.2d 23, 26 n.3 (3d Cir. 1989). "[I]t is settled law that private citizens do not enjoy a private right of action under 18 U.S.C. § 242." *O'Neil v. Beck,* No. 04-2825, 2005 WL 2030319, at *1 (M.D. Pa. Aug. 4, 2005) (citing *Cito,* 892 F.2d at 26 n.3). Consequently, Plaintiff cannot assert a claim pursuant to Section 1983 for violation of 18 U.S.C. § 242.

*Piskanin v. Hammer*, No. 04-1321, 2005 WL 3071760, at *6 (E.D. Pa. Nov. 14, 2005) Therefore, plaintiff's citation to Section 242 in an attempt to bring a civil conspiracy claim against these two defendants is misplaced and does not state a claim upon which relief may be granted.

G. Other Defendants

On the first two pages of plaintiff's motion for leave to file an amended complaint and on page 19, plaintiff, in list form, includes numerous other defendants that are not discussed in the body of the complaint with any particular specific factual allegations. (*See* Dkt. No. 39 at p.1-2, 19) They are:  (1) the State of New Jersey; (2) the Atlantic City Police Department; (3) Detective Lori Lylam; (4) Detective Stephen Rendo; (5) Charlotte Berries; (6) Retired Earnest Jubilee; (7)

L. Langford – former mayor of Atlantic City; (8) Prosecutors Office Atlantic County; (9) Prosecutor's Office Ted Howel; (10) Diana Licki; (11) Ibhade Ibhadedifdon; (12) Catherine Tucker; (13) Harry Broughton; (14) James Lenard; (15) Tina Lolita; (16) Catherine Witherspoon Stanford; (17) N.J. State Parole Officer for Harry Broughton; (18) Bob Smith; (19) the Atlantic County Jail; and (20) Solicitor Brian Littlefield.

Several of these named defendants were previously dismissed with prejudice by this Court. Indeed, as this Court discussed *supra*, plaintiff's claims against Judge Ward and Brian Tetter were previously dismissed with prejudice. Additionally, this Court dismissed plaintiff's claims against Cotice Witherspoon-Stanford, Diana Licki, the State of New Jersey, the Atlantic City Municipal Court and the Atlantic City Prosecutors Office with prejudice when plaintiff's original complaint was screened. Furthermore, as this Court noted in its August 29, 2013 opinion, a failure to allege any facts that the defendants were personally involved in the alleged violations of constitutional rights or that any municipality or government agency with which any of them work with which any of them is associated is responsible for any policy or custom that contributed to the alleged violations of plaintiff's constitutional rights constitutes a failure to state a Section 1983 claim for damages. Plaintiff's second amended complaint suffers from a similar defect with respect to the additional defendants named on pages 1-2 and/or on page 19 of his motion not discussed in this opinion. Therefore, plaintiff fails to state a federal claim against these other numerous defendants.

H.  State Law Claims

It is unclear in the second amended complaint whether plaintiff is attempting to assert state law claims. There are no more federal claims remaining. Thus, the remaining potential basis for plaintiff's state law claims is supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

However, when a court has dismissed all claims over which it had federal question jurisdiction, it has the discretion to decline to exercise supplemental jurisdiction over the remaining state law claims. *See id.* § 1367(c)(3). Because plaintiff's federal claims against the defendants no longer remain, this Court will exercise its discretion to decline supplemental jurisdiction over plaintiff's state law claims.

I. Dismissal With Prejudice

In dismissing plaintiff's first amended complaint, this Court noted that it would give plaintiff one final opportunity to correct the deficiencies of plaintiff's original and amended complaint as outlined in this Court's opinions to state a claim upon which relief may granted. Indeed, plaintiff has now had three chances in which to file a complaint that states a claim to no avail. Plaintiff's most recent filings are somewhat incoherent and difficult for this Court to specifically decipher what potential claims she is attempting to raise. Thus, at this time, and in light of the previous warnings this Court gave plaintiff, the second amended complaint will be dismissed with prejudice as any further opportunities to file an amended complaint would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-13 (3d Cir. 2002) (holding that futility of amendment is a proper reason to deny leave to amend); *Velazquez v. Zickerfoose*, No. 11-2459, 2014 WL 6611058, at * 7 (D.N.J. Nov. 21, 2014) (dismissing claim with prejudice after having afforded plaintiff three opportunities to plead a valid conspiracy claim); *Donnelly v. Option One Mortg. Corp.*, No. 11-7019, 2014 WL 1266209, at *18 (D.N.J. Mar. 26, 2014) (dismissing claims with prejudice after three opportunities to adhere to the applicable pleading standards); *Thompson v. Keystone Human Servs. Corp.*, No. 09-2558, 2012 WL 398619, at *6 (M.D. Pa. Feb. 7, 2012) (denying leave to amend and dismissing complaint with prejudice after allowing plaintiff three chances to file a proper complaint).

**V.     CONCLUSION**

For the foregoing reasons, plaintiff's motion for leave to file a second amended complaint is denied as unnecessary. Plaintiff's federal claims are dismissed with prejudice. This Court declines to exercise supplemental jurisdiction over plaintiff's state law claims. An appropriate order will be entered.


DATED:   October 17, 2016

                                                     s/Robert B. Kugler
                                                     ROBERT B. KUGLER
                                                     United States District Judge